OPINION
Brenda Elliott is the natural mother of Billy Covington, born March 9, 1988, Tiffany Graham, born October 20, 1989, and Scott Graham, born August 28, 1991. Appellant appeals the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which found it was in the children's best interest to grant permanent custody of the three minor children to DHS, because they cannot and should not be placed with appellant within a reasonable time. Appellant assigns two errors to the trial:
ASSIGNMENTS OF ERROR
 ASSIGNMENT OF ERROR I
 THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILDREN CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 ASSIGNMENT OF ERROR II
 THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILDREN WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
DHS took temporary custody of the three children in 1993. DHS and the mother agreed on a case plan to reunify the family, which required the mother to obtain stable housing, complete a psychological examination, complete a substance abuse evaluation, attend parenting classes, and to obtain employment. DHS alleged the mother failed to complete any of the objectives, although the court found appellant had attended some parenting classes and attempted to comply with the reunification plan. The court found appellant did not have a stable enough life style to meet the needs of the children. The court found the mother had failed to obtain stable housing or employment. The court found the mother had continuously and repeatedly for a period of at least six months to substantially remedy the conditions which caused the children to be removed from her custody. The court also found the mother had demonstrated a lack of commitment, and an unwillingness to provide for the children. The trial court found each of the children had special needs and developmental problems, and the court found given the children's severe problems the children may very well not be adoptable.
We have reviewed the record, and we find there was clear and convincing evidence presented in support of the trial court's determination appellant had failed to demonstrate a commitment to these children, had failed to substantially remedy the conditions which had caused DHS to remove the children from her home, and had failed to meet the objectives set forth in the comprehensive reunification plan.
Appellant asserts the record does not support the trial court's determination it was in the children's best interest to grant permanent custody to DHS. Appellant points out there is no reason to suppose the children will be reunited with their siblings, and the court itself expressed doubt that the children were adoptable.
Although it certainly appears the children's situation is unfortunate, and difficult to remedy, nevertheless we find there was clear and convincing evidence presented to the trial court which warrants the conclusion it was in the best interest of the children to place them in the permanent custody of DHS.
Each of the assignments of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.
By Gwin, P.J., Reader, J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed. Costs to appellant.